# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                          **CASE NO. 5:20-CR-50021**

**RHONDA BUNCH**                                                        **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant Rhonda Bunch's Motion for Compassionate Release (Doc. 146) and the Government's Response (Doc. 150). Having reviewed these filings, the Court finds the pending Motion (Doc. 146) is **DENIED**.

## I. BACKGROUND

Ms. Bunch pleaded guilty to one count of conspiracy to commit bank fraud under 18 U.S.C. § 1344(1)–(2) and 18 U.S.C. § 1349. (Doc. 101). The Court sentenced her to 36 months imprisonment with a three-year period of supervised release and a $4,016.47 fine. (Doc. 133). Ms. Bunch is currently incarcerated at FMC Carswell with a projected release date of July 22, 2023. *See* Fed. Bureau of Prisons, Inmates, http://www.bop.gov/inmateloc/ (last accessed October 13, 2021). She has served approximately 15 months of her sentence but now moves for compassionate release under 18 U.S.C. § 3582(c)(1). (Doc. 146). Ms. Bunch is 62 years old and has several chronic health conditions including anxiety, hypertension, and chronic obstructive pulmonary disease ("COPD"). (Doc. 151-1, pp. 3–4).

## II. LEGAL STANDARD

Under the First Step Act of 2018 ("FSA"), inmates are permitted to seek sentence reductions directly from the sentencing court "after the defendant has fully exhausted all

1

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once either threshold requirement is satisfied, the Court may grant a defendant's sentence reduction motion "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines ("U.S.S.G.") explain what constitutes "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i). The medical condition of the defendant may provide extraordinary and compelling reason for sentence reduction if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. Application Note 1(A)(ii)(I) of § 1B1.13. Although the Sentencing Commission has neither updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Ms. Bunch's Motion is dependent on whether: (1) she fully exhausted her administrative right to appeal the BOP's failure to bring a motion for

early release, or (2) 30 days have elapsed since the warden received her request for early release, whichever occurs first. 18 U.S.C. § 3582(c)(1)(A)(i). Ms. Bunch establishes she filed a request for compassionate release with the Prison Warden on or about June 28, 2021. (Doc. 148, pp. 2–3). The Government concedes that she has exhausted her administrative remedies. Therefore, because more than 30 days have elapsed since Ms. Bunch petitioned her warden for release, the Court finds that Ms. Bunch has satisfied the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Circumstances

Ms. Bunch's Motion for Compassionate Release relies on her ongoing health conditions—including hypertension and COPD—in addition to the risk of contracting COVID-19. The Eastern District of Arkansas has previously found that "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person" is not an extraordinary and compelling reason to justify release. *United States v. Caffey*, 2020 WL 3451680, at *1 (E.D. Ark. June 24, 2020); *see also United States v. Osborne*, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020). Ms. Bunch received the COVID-19 vaccine produced by Johnson & Johnson. (Doc. 151-2, p. 136). According to the Centers for Disease Control and Prevention ("CDC"), the suite of COVID-19 vaccines protect people from severe illness and reduce the likelihood of hospitalization and death. *See* CDC, The Possibility of COVID-19 After Vaccination: Breakthrough Infections, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last accessed October 13, 2021). Furthermore, the Johnson & Johnson-produced COVID-19 vaccine is considered 66.3% effective at preventing COVID-19 infection in those who received the vaccine. *See* CDC, Johnson &

Johnson's Janssen COVID-19 Vaccine Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html (last accessed October 13, 2021). The vaccine minimizes Ms. Bunch's risk of contracting the virus. Furthermore, Ms. Bunch has failed to demonstrate that her medical conditions have deteriorated to the point that she is unable to provide self-care within the correctional facility. The Court is convinced Ms. Bunch suffers from hypertension and COPD.[1] But, while her conditions are undoubtedly persistent, her medical records show she is receiving appropriate treatment.

### C. Section 3553(a) Factors

Before granting a motion for compassionate release, Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a). Even if Ms. Bunch were able to demonstrate extraordinary and compelling reasons for her release, she is not a suitable candidate for early release under these factors, which include "the nature of the circumstances of the offense and the history and characteristics of the defendants" and "the need for the sentence imposed[] to reflect the seriousness of the offense, [] promote respect for the law, [] provide just punishment for the offense[,] afford adequate deterrence to criminal conduct[] . . . and [] provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D). All of these factors weigh against a sentence reduction.

---

[1] Ms. Bunch also cites her recent kidney failure diagnosis as further evidence supporting release. However, there is no documentation of such a diagnosis in her medical records. See Docs. 151, 151-1, and 151-2.

4

Ms. Bunch was convicted of conspiracy to commit bank fraud that, had the conspiracy been fulfilled, would have netted approximately $2,256,727.50 from victims. (Doc. 101, ¶ 33). While 60 years old when she was sentenced, Ms. Bunch has an extensive criminal record. See Doc. 101, ¶¶ 148–192. Her total offense level of 22 and a criminal history category of III corresponded to a guideline range of 51 to 63 months imprisonment. (Doc. 101, ¶¶ 138, 195). The Court granted the Government's motion for a four-level downward departure for substantial assistance resulting in a total offense level of 18 and a guideline range of 33 to 41 months. (Doc. 134, p. 4). Thus, her sentence of 36 months was within the guideline range. Furthermore, at this point, it appears Ms. Bunch has served approximately 42% (15 months) of her original 36-month sentence of imprisonment. In the Court's view this amount of time is insufficient to reflect the seriousness of her conviction, promote respect for the law, and afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Ms. Bunch to complete her prison sentence in 15 months would create a significant disparity with other defendants who have been convicted of the same crime. In sum, after considering and weighing all of the Section 3553(a) factors, the Court finds that a sentence of 36 months is just and fair under the totality of the circumstances.

For these reasons, even if Ms. Bunch demonstrated extraordinary and compelling medical reasons to justify a sentence reduction, the Section 3553(a) factors do not justify compassionate release.[2]

## IV. CONCLUSION

---

[2] To the extent Ms. Bunch asks to serve the remainder of her sentence in home confinement, the FSA only gives the BOP—not the Court—the power to decide where Ms. Bunch may complete her sentence. See 18 U.S.C. §§3621(b), (c)(4).

**IT IS THEREFORE ORDERED** that Rhonda Bunch's Motion for Compassionate Release (Doc. 146) is **DENIED**.

**IT IS SO ORDERED** on this 18th day of October, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE